O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY - 5 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY COLEMAN, | Case No. CV 09-6084 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, the Court disagrees with the Commissioner that "there is no evidence that Dr. Etche was Plaintiff's treating physician." (See Jt Stip at 4). As plaintiff points out, her grandmother testified at the

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

administrative hearing that Dr. Etche had been one of plaintiff's treating physicians during the time plaintiff lived in San Diego (see AR 331), and that Dr. Etche had prescribed psychiatric medications for plaintiff (see AR 345). However, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to properly consider the "opinion" of Dr. Etche reflected on the "Authorization to Release Medical Information" form that Dr. Etche apparently completed and signed on June 30, 2007. (See AR 459.) The ALJ found that plaintiff suffered from severe mental impairments before attaining age 18 and continued to suffer from those severe impairments since attaining age 18. (See AR 14, 22.) In the absence of any other treatment records from Dr. Etche and/or any elaboration from Dr. Etche on the "opinion" reflected in the boxes checked off on the release form, that form was not probative of whether plaintiff's mental impairments were of listing level severity before or after plaintiff attained age 18 or whether plaintiff's mental impairments precluded the performance of all gainful activity since plaintiff attained age 18. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need only discuss evidence that is significant and probative); see also Vincent v. Heckler 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had failed to mention letter from plaintiff's treating psychiatrist concluding that plaintiff was severely impaired).

Moreover, the Court finds that the ALJ fulfilled his duty to fully develop the record vis-a-vis Dr. Etche by holding the record open for 30 days following the hearing to allow plaintiff to submit additional medical evidence from him. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (holding that ALJ satisfied any duty to develop record by requesting additional records from claimant and her counsel, and by keeping post-hearing record open for supplemental medical evidence). As the Commissioner points out, plaintiff's representative at the administrative hearing did not request the ALJ's assistance in obtaining additional medical records. (See AR 345-46.)

Finally, for the reasons stated by the Commissioner (see Jt Stip at 6), the Court finds that the ALJ did not err in failing to schedule another consultative examination, but rather reasonably concluded that scheduling another consultative examination was unlikely to be fruitful given plaintiff's history of noncooperation. (See AR 324.)

With respect to Disputed Issue No. 2, the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions of Dr. Nguyen that are reflected on the June 22, 2007 mental capacities evaluation form. (See AR 461.) Rather, the Court finds that the ALJ did set forth sufficient specific and legitimate reasons for not finding Dr. Nguyen's opinions persuasive or controlling. As the ALJ noted (see AR 18), there was no evidence in the record that Dr. Nguyen's diagnosis of schizoaffective disorder was anything other than an assertion of plaintiff's allegations, and Dr. Nguyen's opinions were not supported by his "sparse other treatment notes," which did not reflect any observations or complaints of mental health problems (see AR 465-68), or by other evidence of record. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (holding that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"). As the ALJ further noted (see AR 18), Dr. Nguyen appeared to have taken plaintiff's subjective allegations at face value and merely reiterated those allegations in his report. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Here, plaintiff is not even contesting the ALJ adverse credibility

determination, which was based <u>inter</u> <u>alia</u> on plaintiff's "poor, likely malingering performances" during previous consultative examinations and her repeated failure to attend other consultative examinations. (<u>See</u> AR 23.)

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>May 4, 2010</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE